**Order filed November 24, 2021**



**In The**

# Eleventh Court of Appeals

_____

## No. 11-18-00102-CR

_____

**JESSE VILLAFRANCO, JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 441st District Court**
**Midland County, Texas**
**Trial Court Cause No. CR45624**

### O R D E R

On April 23, 2020, this court issued an opinion and judgment in which we affirmed the judgments of the trial court. Appellant, Jesse Villafranco, Jr., sought discretionary review in the Court of Criminal Appeals. The Court of Criminals Appeals granted such review and has now issued an opinion and mandate reversing this court's April 23, 2020 judgment and remanding the cause to this court. In its opinion, the Court of Criminal Appeals ordered this court to abate the case for the trial court to hold a retrospective, adversarial hearing on the admissibility of the evidence of prior sexual abuse. *Villafranco v. State*, PD-0488-20, 2021 WL 5355194, at *1, *5 (Tex. Crim. App. Oct. 20, 2021); *see* TEX. R. EVID. 412; *see also LaPointe v. State*, 225 S.W.3d 513, 520–24 (Tex. Crim. App. 2007). In accordance

with the directive of the Court of Criminal Appeals, we abate this appeal and remand the cause to the trial court.

Appellant must be given an opportunity to perfect the record so that this court can properly review the admissibility issue. *Villafranco*, 2021 WL 5355194, at *2 (citing *LaPointe*, 225 S.W.3d at 521). As stated by the Court of Criminal Appeals in *LaPointe*:

> The purpose of allowing defense participation in the [Rule 412] hearing is to give the defendant the opportunity to substantiate his claim that the victim's prior sexual history is admissible. The proper remedy [is] to abate the appeal and remand the case to the trial court to afford the defendant an adversarial hearing in which he [has] an opportunity to make that showing. Once that [is] done, [this court will] then be in a position to intelligently review the issue of whether the prior sexual history evidence was admissible.

*LaPointe*, 225 S.W.3d at 523.

The trial court is directed to hold a retrospective hearing in accordance with the October 20, 2021 opinion issued by the Court of Criminal Appeals in this cause. *See Villafranco*, 2021 WL 5355194, at *1, *5. The hearing must be recorded by the court reporter. *Id.* at *2. Appellant, Appellant's counsel, and the prosecutor are to be present for the hearing, and the attorneys are to be permitted to question the victim and present evidence regarding prior sexual abuse of the victim. *Id.*

A supplemental reporter's record from the hearing shall be sealed in accordance with Rule 412(d) and shall be filed in this court no later than January 28, 2022. This appeal will be reinstated when the supplemental reporter's record is filed in this court.

November 24, 2021                                          PER CURIAM

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.